■ Long Island Junior Soccer League, Respondent, v Back of the Net, Ltd., Appellant. [925 NYS2d 555]—

In an action, inter alia, to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Winslow, J.), entered July 19, 2010, which denied its motion to preliminarily enjoin the plaintiff from engaging in conduct allegedly constituting violations of a stipulation of settlement dated January 9, 2002.

Ordered that the order is affirmed, with costs.

The defendant operates a Web site primarily focused on youth soccer that features news and information, scores, schedules, and standings from various soccer leagues, including a youth soccer league operated by the plaintiff. Since 1999 the plaintiff has operated its own Web site containing similar information regarding its league.

In 2001 the plaintiff commenced this action against the defendant, and the action was settled pursuant to a so-ordered stipulation of settlement dated January 9, 2002. Paragraph 5 of the stipulation of settlement provides: "Plaintiff acknowledges that defendant has a right to publish news and information concerning plaintiff on its Website including such items as scores, standings and events, all being subject to the laws of defamation and such other laws which may exist." In April 2010, after the plaintiff took measures to prevent the defendant from electronically accessing the raw data on the plaintiff's Internet servers, the defendant moved to preliminarily enjoin the plaintiff from taking these measures, asserting that the plaintiff was in violation of paragraph 5 of the stipulation of settlement.

"A stipulation of settlement is a contract, enforceable according to its terms. When a court enforces a stipulation of settle-

ment, it must effectuate the parties' intent. As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties' intent based upon the plain meaning of the words used by the parties" (*Alshawhati v Zandani*, 82 AD3d 805, 807 [2011] [internal quotation marks and citations omitted]; *see Linsalato v Giuttari*, 59 AD3d 682, 683 [2009]; *McKenzie v Vintage Hallmark*, 302 AD2d 503, 504 [2003]).

Here, the plain meaning of paragraph 5 of the stipulation of settlement is that the defendant has the right to *publish* news and information concerning the plaintiff, including scores, standings, and events. Contrary to the defendant's contention, however, the provision plainly does not obligate the plaintiff to gather such information and provide it to the defendant in any particular form. The defendant does not dispute that there is nothing preventing it from viewing the information on the plaintiff's Web site and manually recreating it for the purpose of publishing the information on its own Web site. Accordingly, the Supreme Court properly denied the defendant's motion.

The defendant is correct that the Supreme Court improvidently exercised its discretion in accepting the plaintiff's submission of an affidavit of the president of the company hired by the plaintiff to prevent the defendant from electronically accessing its raw data. This affidavit was submitted after the return date of the motion, and the plaintiff offered no excuse for failing to submit this affidavit along its original opposition papers (*see Courtney v Port Auth. of N.Y. & N.J.*, 34 AD3d 716, 718 [2006]; *Mosheyeva v Distefano*, 288 AD2d 448, 449 [2001]; *Romeo v Ben-Soph Food Corp.*, 146 AD2d 688, 690 [1989]). Nevertheless, this affidavit did not contain any new relevant facts, and the Supreme Court properly denied the motion, even without consideration of this affidavit.

The defendant's remaining contention is based on matter that is dehors the record and is, thus, not properly before this Court. Rivera, J.P., Balkin, Lott and Austin, JJ., concur.