■ ANDREW STEIN, Respondent, v EMILY STEIN, Appellant. [12 NYS3d 284]—

Appeal from an order of the Supreme Court, Westchester County (Colleen D. Duffy, J.), entered January 3, 2014. The or-

der, inter alia, granted the plaintiff's motion to enforce a stipulation of settlement to the extent of directing the defendant to execute a listing agreement with a real estate broker for the sale of the former marital residence.

Ordered that the order is affirmed, with costs.

The parties entered into a stipulation of settlement (hereinafter the stipulation), which provided that the parties would sell the former marital residence using a mutually agreed upon broker. Thereafter, the plaintiff moved to enforce the stipulation on the ground that the defendant failed to cooperate in selling the property. In opposition to the motion, the defendant contended that the parties disagreed on the procedure to sell the house and that this disagreement was subject to arbitration under the stipulation. In the order appealed from, the Supreme Court granted the plaintiff's motion to the extent of directing the defendant to execute a listing agreement with a real estate broker who agreed to waive a commission if the marital residence was sold to either party, allowed the defendant to hire an appraiser, and awarded the defendant a right of first refusal to purchase the marital residence at an amount in excess of a bona fide offer or an appraisal value. The defendant appeals.

"Stipulations of settlement are favored by the courts and not lightly cast aside . . . . Only where there is cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident, will a party be relieved from the consequences of a stipulation made during litigation" (*Hallock v State of New York*, 64 NY2d 224, 230 [1984] [citations omitted]; *see Caroli v Allstate Ins. Co.*, 100 AD3d 941, 943 [2012]). A stipulation of settlement is a contract, enforceable according to its terms. When a court enforces a stipulation of settlement, it must effectuate the parties' intent. As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties' intent based upon the plain meaning of the words used by the parties (*see Long Is. Jr. Soccer League v Back of the Net, Ltd.*, 85 AD3d 737, 737-738 [2011]; *Alshawhati v Zandani*, 82 AD3d 805, 807 [2011]).

Contrary to the defendant's contentions, there was no dispute relating to the marital residence which was subject to arbitration. The parties had agreed on the broker and, under the terms of the stipulation, it was the broker's option at what price to list the house for sale. Accordingly, the Supreme Court was correct in finding that there was no arbitrable dispute relating to the listing for the sale of the former marital residence and in directing the defendant to sign a listing agreement.

The defendant's remaining contentions are without merit. Balkin, J.P., Austin, Miller and Maltese, JJ., concur.