■ RICHARD KLEIN, Respondent, v CARYN KLEIN, Appellant. [22 NYS3d 547]—

Appeal from an order of the Supreme Court, Westchester County (Janet C. Malone, J.), entered July 14, 2014. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was to enforce the parties' stipulations of settlement and, in effect, to recover damages for the defendant's alleged breach of the stipulations, to the extent of awarding the plaintiff the sum of $3,619.75, and reserved decision on that branch of the plaintiff's motion which was for an award of an attorney's fee.

Ordered that the appeal from so much of the order as reserved decision on that branch of the plaintiff's motion which was for an award of an attorney's fee is dismissed, without costs or disbursements; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof awarding the plaintiff the sum of $3,619.75, and substituting therefor a provision awarding the plaintiff the sum of $2,346.96; as so modified, the order is affirmed insofar as reviewed, without costs or disbursements.

The parties were married in 2003 and are the parents of one minor child. In 2012, the plaintiff commenced this matrimonial action. On March 15, 2013, the parties placed on the record in open court a stipulation resolving all issues of equitable distribution, including the disposition of four jointly-owned

timeshare properties (hereinafter the timeshares). The parties agreed that one of the timeshares, located in Orlando, Florida, would be transferred to the defendant and that the remaining three timeshares would be transferred to the plaintiff. The transfers would not occur until the plaintiff paid the defendant the balance of a distributive award in the amount of $191,000. In addition, it was agreed that the defendant would cooperate and sign any documents required to effectuate the transfers. On May 3, 2013, the parties executed a written stipulation of settlement resolving all other issues and incorporating by reference the terms of the March 15, 2013, in-court stipulation. The parties were divorced by judgment dated October 3, 2013 (Christopher, J.). The two stipulations were incorporated but not merged into the judgment.

In May 2014, the plaintiff moved by order to show cause to enforce the stipulations, in effect, to recover damages for the defendant's alleged breach of the stipulations, and for an award of an attorney's fee. The defendant cross-moved, inter alia, to direct the plaintiff to reimburse her the sum of $1,020, representing a portion of a maintenance payment which the plaintiff allegedly wrongfully withheld, and $304, representing the plaintiff's share of the child's unreimbursed dental expenses. The Supreme Court granted that branch of the plaintiff's motion which was to enforce the stipulations and, in effect, to recover damages for the defendant's alleged breach. It reserved decision on that branch of the plaintiff's motion which was for an award of an attorney's fee. The Supreme Court, in effect, granted those branches of the defendant's cross motion which were to reimburse her the sums of $1,020 and $304. Specifically, the Supreme Court explained that the plaintiff incurred maintenance fees of $4,943.75 for three of the timeshares as a result of the defendant's delay in returning the documents needed to transfer the timeshares. However, it offset that amount by the sum of $1,324 to which the defendant was entitled. Thus, the Supreme Court awarded the plaintiff the sum of $3,619.75.

We must dismiss the appeal from so much of the order as reserved decision on that branch of the plaintiff's motion which was for an award of an attorney's fee. That portion of the order did not determine that branch of the motion, which remains pending and undecided (see CPLR 5701 [a] [2] [v]; Akerman v Akerman, 53 AD3d 633 [2008]; Reiss v Reiss, 21 AD3d 1073 [2005]).

The Supreme Court properly granted that branch of the plaintiff's motion which was to enforce the stipulations and, in

effect, to recover damages for the defendant's alleged breach of the stipulations. "A stipulation of settlement is a contract, enforceable according to its terms. When a court enforces a stipulation of settlement, it must effectuate the parties' intent. As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties' intent based upon the plain meaning of the words used by the parties" (*Stein v Stein*, 130 AD3d 604, 605 [2015]). "When a contract does not specify time of performance, the law implies a reasonable time" (*Savasta v 470 Newport Assoc.*, 82 NY2d 763, 765 [1993]; *see Erazo v Cabeca*, 35 AD3d 651, 652 [2006]). "What constitutes a reasonable time for performance depends upon the facts and circumstances of the particular case" (*Savasta v 470 Newport Assoc.*, 82 NY2d at 765). Here, in the in-court stipulation, the parties clearly agreed that once the plaintiff paid $191,000 as the balance of a distributive award, the obligation to effectuate the transfer of the timeshares was triggered. The plaintiff tendered payment of the $191,000 on July 1, 2013, and the defendant deposited it on July 2, 2013. Although the defendant had been in possession of the transfer documents since May 3, 2013, she had a dispute with the plaintiff on another issue and improperly exercised self-help by holding onto the transfer documents until that issue was resolved. As such, she did not return the transfer documents until October 2013. Since the window of opportunity for the plaintiff to sell back the timeshares to the vacation club had expired, he was forced to pay additional maintenance charges. Under such circumstances, the Supreme Court properly awarded damages to the plaintiff as a result of the defendant's unreasonable delay in providing the executed transfer documents to the plaintiff's counsel (*see Lubrano v Lubrano*, 122 AD3d 807, 808 [2014]; *Garcia v Garcia*, 104 AD3d 806, 807 [2013]). However, the Supreme Court should have awarded the plaintiff the sum of $2,346.96, instead of $3,619.75, because the plaintiff conceded that he inadvertently duplicated a maintenance fee for one of the timeshares and that his request for reimbursement should be reduced by the sum of $1,272.79.

The defendant's remaining contentions are without merit. Dillon, J.P., Hall, Cohen and Barros, JJ., concur.