U.S. Bank National Association, as Trustee for the Structured Asset Investment Loan Trust, 2006-3, Appellant, v Delavern Mask, Respondent, et al., Defendants. [30 NYS3d 713]—

In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Velasquez, J.), dated May 7, 2014, which denied its motion to vacate an order of reference of the same court dated July 28, 2010, and for a new order of reference, and granted the cross motion of the defendant Delavern Mask to dismiss the complaint as abandoned pursuant to CPLR 3215 (c), (2) a judgment of the same court dated November 17, 2014, which, upon the order dated May 7, 2014, is in favor of the defendants and against it dismissing the complaint as abandoned pursuant to CPLR 3215 (c), and (3) an order of the same court dated April

13, 2015, which denied its motion to vacate the order dated May 7, 2014.

Ordered that the appeal from the order dated May 7, 2014, is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the complaint is reinstated, the plaintiff's motion to vacate the order of reference dated July 28, 2010, and for a new order of reference is granted, the cross motion of the defendant Delavern Mask to dismiss the complaint as abandoned pursuant to CPLR 3215 (c) is denied, the order dated May 7, 2014, is modified accordingly, and the matter is remitted to the Supreme Court, Kings County, for the settlement of a new order of reference; and it is further,

Ordered that the appeal from the order dated April 13, 2015, is dismissed as academic in light of our determination of the appeal from the judgment; and it is further,

Ordered that the plaintiff is awarded one bill of costs.

The appeal from the order dated May 7, 2014, must be dismissed because the right of direct appeal therefrom terminated upon the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from that order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501 [a] [1]).

In May 2008 the plaintiff commenced this action to foreclose a mortgage and served the defendant Delavern Mask with the summons and complaint. Mask did not answer. In February 2009, the plaintiff moved for an order of reference. The Supreme Court granted the motion in July 2010. In April 2012, almost four years after the action had been commenced, Mask moved to vacate her default. On April 23, 2012, two days before the return date on Mask's motion, the plaintiff and Mask entered into a stipulation. By that stipulation, Mask withdrew her motion to vacate her default. Additionally, the plaintiff agreed to accept Mask's answer and to consent to vacatur of the default and the order of reference if Mask served her answer "no later than May 2, 2012." Mask did not serve an answer by May 2, 2012, or thereafter. In November 2013, the plaintiff moved to vacate the July 2010 order of reference and for a new order of reference. Mask cross-moved to dismiss the complaint pursuant to CPLR 3215 (c) on the ground that the plaintiff had abandoned the action. Mask contended that her default had been vacated by the April 2012 stipulation, and, subsequently, the plaintiff had taken no action within one year for entry of judgment upon her second default. By order dated

May 7, 2014, the Supreme Court denied the plaintiff's motion and granted Mask's cross motion. By judgment dated November 17, 2014, the Supreme Court dismissed the complaint. By order dated April 13, 2015, the plaintiff's subsequent motion to vacate the order dated May 7, 2014, was denied. The plaintiff appeals.

Stipulations are contracts by which opposing parties chart their own course (*see McCoy v Feinman*, 99 NY2d 295, 302 [2002]; *Friends of Thayer Lake LLC v Brown*, 126 AD3d 22, 25 [2015], *mod* 27 NY3d 1039 [2016]; *Pile v Grant*, 41 AD3d 810, 811 [2007]; Black's Law Dictionary [10th ed 2014]). When a stipulation is reduced to a properly subscribed writing, as it was here between the plaintiff and Mask, or entered into orally on the record, it is binding (*see McCoy v Feinman*, 99 NY2d at 302). Moreover, as a contract, a stipulation is to be interpreted under settled principles of contract interpretation (*see id.*; *JP Morgan Chase Bank, N.A. v Cellpoint Inc.*, 54 AD3d 366, 367 [2008]). The court's fundamental objective in interpreting a contract is to determine the parties' intent from the language they have employed, and to fulfill their reasonable expectations (*see Stone Mtn. Holdings, LLC v Spitzer*, 119 AD3d 548, 549 [2014]; *Scherer v North Shore Car Wash Corp.*, 72 AD3d 927, 929 [2010]).

Here, the parties' intent was clear from the language of the stipulation, despite its poor draftsmanship. The plaintiff would accept Mask's answer and consent to vacatur of Mask's default and the order of reference, but only if Mask served her answer by May 2, 2012. When Mask failed to meet her deadline, her default remained in place. In holding otherwise, the Supreme Court misinterpreted the stipulation. The court compounded its error when it concluded that the plaintiff had not taken action for entry of judgment within one year after Mask failed to serve an answer by May 2, 2012, and therefore dismissed the action as abandoned. Moreover, the Supreme Court should have granted the plaintiff's motion to vacate the order of reference entered in July 2010 and for a new order of reference (*see U.S. Bank N.A. v Ahmed*, 137 AD3d 1106 [2016]).

The parties' remaining contentions need not be reached in light of our determination. Balkin, J.P., Dickerson, Sgroi and Maltese, JJ., concur.