In the Matter of LEGION OF CHRIST, INCORPORATED, Appellant, v TOWN OF MOUNT PLEASANT et al., Respondents. MOUNT PLEASANT CENTRAL SCHOOL DISTRICT, Intervenor-Respondent. [54 NYS3d 681]—

Appeal from an order of the Supreme Court, Westchester County (Bruce E. Tolbert, J.), dated March 12, 2015. The order denied the petitioner's motion to enforce the terms of the parties' comprehensive settlement and to compel the respondent to pay the petitioner the sum of $371,765.20, the balance purportedly owed to the petitioner under the comprehensive settlement.

Ordered that the order is affirmed, with one bill of costs to the respondents-respondents and intervenor-respondent appearing separately and filing separate briefs.

The petitioner, Legion of Christ, Incorporated (hereinafter Legion), is a nonprofit corporation within the meaning of RPTL 420-a (1) (*see Matter of Legion of Christ v Town of Mount Pleasant*, 1 NY3d 406, 409 [2004]). In 1996, it purchased a 168-acre parcel of unimproved land and an adjacent 97-acre parcel of improved land located in the Town of Mount Pleasant in Westchester County. From 1997 to 2011, Legion, pursuant to RPTL article 7, initiated numerous tax certiorari proceedings with respect to these parcels. By 2011, most of the tax exemption issues involved in these proceedings had been resolved. However, these proceedings also involved challenges to the tax assessments for the parcels on the basis of inequality. The assessment inequality issues had been held in abeyance pending resolution of the tax exemption issues.

An order and judgment (one paper) of the Supreme Court, Westchester County (LaCava, J.), entered November 20, 2012, upon the consent of the parties, inter alia, set forth amended and reduced assessments on the subject properties. The order and judgment also provided that the County of Westchester was to reimburse Legion for the amounts it paid for County and County Sewer District Taxes under the original assess-

ments to the extent those amounts were in excess of the amounts due under the amended and reduced assessments. The Town, its Assessor, and Board of Review (hereinafter collectively the Town) and the Mount Pleasant School District (hereinafter the School District) entered into a comprehensive settlement with Legion consisting of a document entitled "Stipulation of Payment" and a separate document entitled "Stipulation." The Stipulation of Payment expressly mentioned that the parties had agreed to a consent order and judgment that would settle the proceedings for the subject assessment years. Pursuant to the Stipulation of Payment, the Town agreed to pay Legion $320,400 in full satisfaction of the Town's liability for the refund of Special District taxes, penalties, and interest. Pursuant to the Stipulation, the Town and the School District agreed to withdraw their respective appeals from an order issued in two of the underlying proceedings in favor of Legion on the issue of a tax exemption for the tax years 2002 and 2003 for the parcel of unimproved land. In addition, the Town agreed to pay the sum of $290,300 in full satisfaction of its obligations to pay refunds and interest. The School District agreed to pay the sum of $665,000 in full satisfaction of its obligation to pay refunds and interest. Pursuant to the order and judgment, the County, which was not a signatory to either the Stipulation of Payment or the Stipulation, reimbursed Legion the sum of $552,534.80 resulting from the amended and reduced assessments.

In May 2014, Legion moved to enforce the terms of the comprehensive settlement and to compel the Town "and such other respondents as the Court may direct" to pay what Legion argued was a payment shortfall. Alternatively, Legion argued that a hearing should be conducted on whether the parties had made a mutual mistake in calculating the amounts due to Legion. Specifically, Legion argued that the parties had agreed that it was to receive a total of $2.2 million, but that the payments it received from the Town ($610,000, which included $320,000 pursuant to the Stipulation of Payment and $290,000 pursuant to the Stipulation), School District ($665,000 pursuant to the Stipulation) and County ($552,534.80), totaled only $1,828,234.80, resulting in a shortfall of $371,765.20. The Supreme Court denied Legion's motion.

" 'A stipulation of settlement is a contract, enforceable according to its terms. When a court enforces a stipulation of settlement, it must effectuate the parties' intent. As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the par-

ties' intent based upon the plain meaning of the words used by the parties' " (*Long Is. Jr. Soccer League v Back of the Net, Ltd.*, 85 AD3d 737, 737-738 [2011], quoting *Alshawhati v Zandani*, 82 AD3d 805, 807 [2011]).

Contrary to Legion's contentions, the unambiguous terms of the comprehensive settlement require the Town to pay Legion the sums of $320,400 and $290,300, and for the School District to pay the sum of $665,000, which amounts have all been paid. Nonetheless, Legion relies in large measure upon language in one of the "Whereas" clauses of the Stipulation of Payment that references a $2.2 million "limit" to the municipalities' total liability. However, statements in a whereas clause, even if in conflict with other provisions of the same contract, do not create rights beyond those arising from the contract's operative terms (*see Hampton Hall Pty Ltd. v Global Funding Servs., Ltd.*, 82 AD3d 523, 524 [2011]; *Grand Manor Health Related Facility, Inc. v Hamilton Equities Inc.*, 65 AD3d 445, 447 [2009]). Here, the operative terms of the comprehensive settlement clearly and unambiguously set forth the amounts which the Town and School District were obligated to pay and those amounts have been paid in full. Furthermore, Legion failed to allege a mutual mistake that would warrant a hearing (*see generally Simkin v Blank*, 19 NY3d 46, 52-53 [2012]). Accordingly, the Supreme Court properly denied Legion's motion. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.