McSherry v McSherry (2018 NY Slip Op 05152)





McSherry v McSherry


2018 NY Slip Op 05152


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-01435
2016-01437
 (Index No. 2213/10)

[*1]Elizabeth McSherry, respondent, 
v
William J. McSherry, Jr., appellant.


Bodnar & Milone LLP, White Plains, NY (Erik Kristensen of counsel), for appellant.
McCarthy Fingar LLP, White Plains, NY (Kathleen Donelli and Kristen Pennessi of counsel), for respondent.



DECISION & ORDER
In a matrimonial action, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Anita R. Florio, J.H.O.), dated December 23, 2015, and (2) an amended order of the same court dated January 6, 2016. The amended order, insofar as appealed from, granted those branches of the plaintiff's motion which were to enforce a provision of the parties' stipulation of settlement dated November 21, 2012, as incorporated into the judgment of divorce, pertaining to medical insurance premiums and for an award of an attorney's fee to the extent of directing the defendant to pay an attorney's fee in the sum of $19,152, and denied those branches of the defendant's cross motion which were for certain credits against any amounts owed to the plaintiff.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, as that order was superseded by the amended order; and it is further,
ORDERED that the amended order is modified, on the law and the facts, (1) by deleting the provision thereof granting that branch of the plaintiff's motion which was for an award of an attorney's fee to the extent of directing the defendant to pay an attorney's fee in the sum of $19,152, and substituting therefor a provision granting that branch of the plaintiff's motion which was for an award of an attorney's fee to the extent of directing the defendant to pay an attorney's fee in the sum of $10,718.31, and (2) by deleting the provision thereof denying that branch of the defendant's cross motion which was for a credit in the sum of $20,266.41 against any amounts owed to the plaintiff pursuant to a provision of the stipulation of settlement, as incorporated into the judgment of divorce, pertaining to a certain tax refund check, and substituting therefor a provision granting that branch of the cross motion; as so modified, the amended order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff commenced this action for a divorce and ancillary relief in 2010, and on November 21, 2012, the parties entered into a stipulation of settlement (hereinafter the stipulation), which was incorporated but not merged into a judgment of divorce. The plaintiff [*2]subsequently moved to enforce various provisions of the stipulation, as incorporated into the judgment of divorce, and for an award of an attorney's fee. The defendant cross-moved for, among other things, certain credits against any amounts owed to the plaintiff. In an amended order dated January 6, 2016, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were to enforce a provision of the stipulation, as incorporated into the judgment of divorce, pertaining to medical insurance premiums and for an award of an attorney's fee to the extent of directing the defendant to pay an attorney's fee in the sum of $19,152, and denied those branches of the defendant's cross motion which were for certain credits against any amounts owed to the plaintiff. The defendant appeals.
"Stipulations of settlement are favored by the courts and not lightly cast aside" (Hallock v State of New York, 64 NY2d 224, 230). "This is all the more so in the case of open court' stipulations . . . where strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process" (id. at 230, quoting Matter of Dolgin Eldert Corp., 31 NY2d 1, 10). "A stipulation of settlement is a contract, enforceable according to its terms" (Stein v Stein, 130 AD3d 604, 605; see Klein v Klein, 134 AD3d 1066, 1068). "When a court enforces a stipulation of settlement, it must effectuate the parties' intent" (Stein v Stein, 130 AD3d at 605; see Klein v Klein, 134 AD3d at 1068). "As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties' intent based upon the plain meaning of the words used by the parties" (Stein v Stein, 130 AD3d at 605; see Margolis v Cohen, 153 AD3d 1390; Klein v Klein, 134 AD3d at 1068).
Here, the parties' stipulation provided that the defendant would be entitled to a credit in the sum of $20,266.41 against any amounts owed to the plaintiff in the event that a certain tax refund check was deposited by the plaintiff. Since the defendant demonstrated that the plaintiff deposited the tax refund check, the Supreme Court should have granted that branch of the defendant's cross motion which was for a credit in the sum of $20,266.41 against any amounts owed to the plaintiff.
However, contrary to the defendant's contention, he was not entitled to a credit for premiums he paid on certain life insurance policies after the date of the stipulation. We agree with the Supreme Court's determination that those premiums were paid prior to the date those life insurance policies were transferred to the plaintiff. Under the terms of the stipulation, the defendant was responsible for the premiums up until the life insurance policies were transferred to the plaintiff in accordance with the stipulation.
We also agree with the Supreme Court's determination that the plaintiff was entitled to reimbursement for certain medical insurance premiums paid toward her supplemental coverage from the American Association of Retired Persons (hereinafter AARP). The stipulation required the defendant to pay the plaintiff's health insurance premiums "provided that [she] avails herself of Medicaid and other low cost health insurance such as AARP." Since the plaintiff demonstrated that she made certain payments for her supplemental AARP insurance which constituted "low cost health insurance" within the meaning of the stipulation, the court properly directed the defendant to reimburse her for those payments in the amount of $5,957.
Contrary to the defendant's contention, he was not entitled to a hearing regarding attorney's fees incurred by the plaintiff in connection with her motion to enforce the stipulation. In paragraph 12.2 of the stipulation, he agreed to the determination of such fees "upon affidavits and written proofs without the necessity of an evidentiary hearing" (see Terranova v Terranova, 99 AD3d 788). Nevertheless, the defendant is correct that the plaintiff's evidentiary submissions do not support the Supreme Court's award of an attorney's fee in the sum of $19,152. The plaintiff's submissions only supported an attorney's fee in the sum of $10,718.31, an amount that we find to be reasonable under the circumstances. Accordingly, the court should have granted that branch of the plaintiff's motion which was for an award of an attorney's fee only to the extent of directing the defendant to pay an attorney's fee in the sum of $10,718.31.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court