Bermejo v New York City Health & Hosps. Corp. (2020 NY Slip Op 03212)





Bermejo v New York City Health & Hosps. Corp.


2020 NY Slip Op 03212


Decided on June 10, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 10, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-07745
 (Index No. 23985/09)

[*1]Manuel Bermejo, plaintiff,
v New York City Health & Hospitals Corporation, et al., defendants, Amsterdam & 76th Associates, LLC, et al., appellants; Patrick J. Hackett, et al., nonparty-respondents (and another action and third-party action).


Andrea G. Sawyers, Melville, NY (David R. Holland of counsel), for appellants.
Sullivan Papain Block McGrath & Cannavo, New York, NY (Brian J. Shoot of counsel), for nonparty-respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the defendants Amsterdam & 76th Associates, LLC, and IBEX Construction, LLC, appeal from an order of the Supreme Court, Queens County (Peter J. O'Donoghue, J.), entered April 25, 2017. The order denied the motion of those defendants to schedule a hearing, pursuant to the opinion and order of this Court in a prior appeal in this action (see Bermejo v New York City Health & Hosps. Corp., 135 AD3d 116), to determine the amount and apportionment of costs to be recovered from the plaintiff's counsel pursuant to 22 NYCRR 130-1.1(d).
ORDERED that the order is affirmed, with costs.
The underlying facts of this action are summarized in our opinion and order in a prior related appeal, Bermejo v New York City Health & Hosps. Corp. (135 AD3d 116). Insofar as relevant to this appeal, one of the issues raised on the prior appeal was whether the Supreme Court abused its discretion in denying the separate motions of the defendants Amsterdam & 76th Associates, LLC, and IBEX Construction, LLC (hereinafter together the appellants), pursuant to 22 NYCRR § 130-1.1(d) seeking an award of costs against the plaintiff's counsel for frivolous conduct.
After oral argument in the prior appeal, the plaintiff and the appellants entered into a stipulation of settlement dated March 16, 2015, which, among other things, called for the "withdrawal of all appeals & requests therein." The plaintiff and the appellants subsequently executed a release and a stipulation discontinuing the underlying action "without costs to either party as against the other."
The plaintiff and the appellants advised this Court that the matter had been settled and, consistent with the terms of the stipulation of settlement, the appellants sought to withdraw the prior appeal. This Court denied the request, and thereafter issued the opinion and order in the prior appeal, which, in relevant part, reversed the denial of those branches of the appellants' separate motions which were for an award of costs against the plaintiff's counsel. This Court further directed that, upon remittal, the Supreme Court should conduct a hearing to determine, inter alia, the total amount of such costs. The appellants thereafter moved in the Supreme Court to schedule the hearing. The plaintiff's counsel opposed the motion, arguing, among other things, that the appellants [*2]had waived costs as an integral part of the settlement. In the order appealed from, the court agreed with the plaintiff's counsel and denied the appellants' motion. We affirm.
Like any other contract, a stipulation of settlement is enforceable according to its terms, and when the terms of the stipulation are unambiguous, a court will give effect to the parties' intent based upon the plain meaning of the words they used (see Matter of Legion of Christ, Inc. v Town of Mount Pleasant, 151 AD3d 858, 859-860; Long Is. Jr. Soccer League v Back of the Net, Ltd., 85 AD3d 737, 737-738). Among other things, a party may, by stipulation, agree to withdraw a pending request for relief (see Legion of Christ, Inc. v Town of Mount Pleasant, 151 AD3d at 859; Matter of Melanie K. [Dolores F.], 133 AD3d 756), or waive the right to pursue a specific legal remedy (see Cervera v Bressler, 126 AD3d 924, 924-925). This is precisely what occurred here.
Contrary to the appellants' contention, neither this Court's administrative denial of the request by the plaintiff and the appellants to withdraw the prior appeal, nor the ensuing opinion and order on the prior appeal, can be construed as invalidating or overriding in any way the terms of the stipulation of settlement. More importantly, the appellants themselves have not sought to invalidate the stipulation of settlement (see Hallock v State of New York, 64 NY2d 224, 230). Rather, they want to retain the full benefit of their financial bargain, while selectively reviving their previously waived right to seek an award of costs against the plaintiff's counsel. This they cannot do.
Accordingly, the order appealed from must be affirmed.
The appellants' remaining contention is not germane to the issue before us and, therefore, does not warrant a different result.
CHAMBERS, J.P., MILLER, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court