Martelloni v Martelloni (2020 NY Slip Op 05198)





Martelloni v Martelloni


2020 NY Slip Op 05198


Decided on September 30, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 30, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE, JJ.


2018-13618
 (Index No. 36009/09)

[*1]Paul Martelloni, respondent,
v
Lisa Martelloni, appellant.


Michael C. Sordi, Northport, NY, for appellant.
Campagna Johnson, P.C., Hauppauge, NY (Nicholas E. Arazoza of counsel), for respondent.



DECISION & ORDER
In a matrimonial action in which the parties were divorced by a judgment entered June 14, 2012, the defendant appeals from an order of the Supreme Court, Suffolk County (Carol MacKenzie, J.), dated August 23, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to enter a money judgment in his favor and against the defendant in the principal sum of $125,000.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for leave to enter a money judgment in his favor and against the defendant in the principal sum of $125,000 is denied.
The parties were divorced by a judgment entered June 14, 2012. On January 12, 2012, the parties entered into a stipulation of settlement, which was incorporated, but not merged into the judgment of divorce. According to the stipulation of settlement, there was an outstanding mortgage, home equity loan, and judgment in the principal sum of $97,000 entered in favor of the plaintiff's parents filed against the former marital residence. The parties agreed that title to the former marital residence was to be transferred to the defendant subject to the mortgage, home equity loan, and $97,000 judgment. Further, the stipulation required the defendant to satisfy the $97,000 judgment and to indemnify and hold harmless the plaintiff against any liability in connection with that debt. In a handwritten provision initialed by the parties, the stipulation of settlement provided that there was a judgment in the sum of $197,000 entered solely against the plaintiff in favor of his father that the plaintiff would either have vacated or satisfied so as to remove this judgment as a lien against the former marital residence. The stipulation of settlement also provided that the defendant had 15 months to satisfy the outstanding mortgage, line of credit, and the $97,000 judgment.
By check dated February 9, 2018, the plaintiff paid his father the sum of $125,000, which the plaintiff claims was in full satisfaction of the $97,000 judgment that the defendant was obligated to satisfy. After the defendant failed to satisfy her obligations over the ensuing 15-month period, the plaintiff moved to direct the sale of the former marital residence. The plaintiff's motion was initially denied as premature, upon the defendant's claim that the plaintiff failed to sign a quitclaim deed in her favor and place the deed in escrow as provided in the stipulation of settlement. By order dated August 17, 2015, the plaintiff's motion for leave to renew his motion to direct the [*2]sale of the former marital residence was granted, upon evidence that he executed the quitclaim deed, and, upon renewal, the plaintiff's motion to direct the sale of the marital residence was granted. However, on appeal, this Court modified the August 17, 2015 order, finding that the Supreme Court should not have granted that branch of the plaintiff's motion which was to direct the sale of the former marital residence. This Court determined that while the quitclaim deed had been duly executed and placed in escrow, the plaintiff had failed to demonstrate that his personal $197,000 obligation to his father had been fully satisfied (see Martelloni v Martelloni, 154 AD3d 924, 926-927).
Thereafter, in June 2018, the plaintiff moved, inter alia, for leave to enter a money judgment in his favor against the defendant in the principal sum of $125,000 as indemnification for his payment of the $97,000 judgment. The Supreme Court, relying, inter alia, upon an affidavit from the attorney who represented the plaintiff's parents in their plenary action commenced against the plaintiff and the defendant, found that the judgment against the plaintiff in the sum of $197,000 was entered erroneously and that the defendant was obligated to indemnify and hold harmless the plaintiff for the payment of $125,000 to his father.
"A stipulation of settlement is a contract, enforceable according to its terms" (Alshawhati v Zandani, 82 AD3d 805, 807 [internal quotation marks omitted]; see McSherry v McSherry, 163 AD3d 650, 651; Stein v Stein, 130 AD3d 604, 605). "When a court enforces a stipulation of settlement, it must effectuate the parties' intent" (Stein v Stein, 130 AD3d at 605; see Vider v Vider, 46 AD3d 673, 674). "As with any contract, where the terms of a stipulation of settlement are unambiguous, the Supreme Court must give effect to the parties' intent based upon the plain meaning of the words used by the parties" (Stein v Stein, 130 AD3d at 605; see Teitelbaum Holdings v Gold, 48 NY2d 51, 56; Matter of Legion of Christ, Inc. v Town of Mount Pleasant, 151 AD3d 858, 859-860).
"[E]xtrinsic and parol evidence is not admissible to create an ambiguity in a written agreement which is complete and clear and unambiguous upon its face" (W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [internal quotation marks omitted]; see Reiss v Financial Performance Corp., 97 NY2d 195, 199). "Ambiguity is determined within the four corners of the document; it cannot be created by extrinsic evidence that the parties intended a meaning different than that expressed in the agreement" (Brad H. v City of New York, 17 NY3d 180, 186). "Ambiguity is present if language was written so imperfectly that it is susceptible to more than one reasonable interpretation" (id. at 186). Here, the handwritten provision of the stipulation of settlement was clear, complete, and unambiguous on its face, and, therefore, parol evidence cannot be considered to create an ambiguity (see id. at 185-186; Scotto v Georgoulis, 89 AD3d 717, 719). As we held on a prior appeal in this action, "the record does not support the plaintiff's contention that the $97,000 judgment that the defendant was obligated to satisfy was the remainder of the $197,000 judgment entered by his father against only him" (Martelloni v Martelloni, 154 AD3d at 927; see Rosner v Rosner, 143 AD3d 882, 884; U.S. Bank N.A. v Mask, 139 AD3d 1043, 1045). Likewise, on the record on this appeal, the plaintiff failed to demonstrate that the $125,000 he paid to his father was applied to the satisfaction of the $97,000 judgment against the defendant, which is a prerequisite to the plaintiff's entitlement to indemnification.
The defendant's remaining contentions need not be addressed in light of our determination.
SCHEINKMAN, P.J., AUSTIN, HINDS-RADIX and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court