Matter of Henrietta J. (Lisa M.--David J.) (2021 NY Slip Op 03587)





Matter of Henrietta J. (Lisa M.--David J.)


2021 NY Slip Op 03587


Decided on June 9, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 9, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2018-02221
 (Index No. 6616/16)

[*1]In the Matter of Henrietta J. (Anonymous). Lisa M. (Anonymous), petitioner-respondent; David J. (Anonymous), et al., appellants; Drobenko & Associates, P.C., et al., nonparty- respondents.


Hur & Lash, LLP, New York, NY (Robert L. Lash of counsel), for appellants.
Drobenko & Associates, P.C., Astoria, NY (Walter Drobenko of counsel), nonparty-respondent pro se and for petitioner-respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of Henrietta J., an alleged incapacitated person, in which David J. and Diana J. cross-petitioned, among other things, to appoint David J. the guardian of Henrietta J., David J. and Diana J. appeal from an order of the Supreme Court, Queens County (Lee A. Mayersohn, J.), entered December 27, 2017. The order, insofar as appealed from, granted the application of counsel for the petitioner and the separate application of counsel for David J. and Diana J. for an award of counsel fees pursuant to a so-ordered stipulation dated November 2, 2016.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the petitioner.
The petitioner, Lisa M., commenced this proceeding, inter alia, pursuant to Mental Hygiene Law article 81 to appoint a guardian of the person and property of her aunt, Henrietta J., an alleged incapacitated person. Henrietta J.'s grandchildren, David J. and Diana J. (hereinafter together the appellants), opposed the appointment of a guardian and filed a cross petition in which they argued that if the appointment of a guardian was necessary, the Supreme Court should appoint David J.
Thereafter, the parties entered into a stipulation dated November 2, 2016, which was so-ordered by the Supreme Court. As relevant here, the stipulation provided that David J. would return Henrietta J. to her home and provide a certain level of care for her. The stipulation also provided that Lisa M. would withdraw her petition upon David J.'s compliance with certain provisions relating to Henrietta J.'s care. In addition, the parties agreed that "counsel shall submit application to the court for an award of fees upon notice to all parties, and all parties reserve the right [*2]to oppose said applications." The parties agreed that the court had the "discretion to award [counsel] fees," and that it would retain jurisdiction for the purpose of ensuring compliance with the terms of the stipulation. The parties also agreed that any fees awarded pursuant to the stipulation would be paid out of the funds held by the appellants which had been transferred to them by Henrietta J.
Following the death of Henrietta J., in an order entered December 27, 2017, the Supreme Court, among other things, awarded counsel fees to the attorneys for Lisa M. and the attorney for the appellants. The court noted that the parties had "consented to the award of legal fees by the Court," and it set forth the reasoning for its awards, which it granted "per the Stipulation, dated November 2, 2016." This appeal ensued.
The appellants contend that the Supreme Court lacked the authority to award counsel fees to their own attorney and to the attorneys retained by Lisa M., because the Mental Hygiene Law does not authorize such an award after the death of the alleged incapacitated person (see Matter of Enna D., 30 AD3d 518, 518-519). This contention is without merit.
"Under the general rule, attorneys' fees and disbursements are incidents of litigation and the prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties or by statute or court rule" (Matter of A. G. Ship Maintenance Corp. v Lezak, 69 NY2d 1, 5; see IG Second Generation Partners, L.P. v Kaygreen Realty Co., 114 AD3d 641, 643; Levine v Infidelity, Inc., 2 AD3d 691, 692).
Here, the Supreme Court was authorized to award counsel fees in accordance with the so-ordered stipulation of the parties. Although the death of Henrietta J. may have abated the proceeding (see Mental Hygiene Law §§ 81.10[f]; 81.16[f]), it did not automatically invalidate the parties' prior stipulation to the award of counsel fees (see generally Bermejo v New York City Health & Hosps. Corp., 184 AD3d 616, 617; cf. Hallock v State of New York, 64 NY2d 224, 230; Teitelbaum Holdings v Gold, 48 NY2d 51, 54-55). To the contrary, the parties expressly granted the court continuing jurisdiction to enforce the terms of the stipulation (see generally Morrison v Budget Rent A Car Sys., 230 AD2d 253, 256-257).
The appellants further contend that the Supreme Court failed to follow the proper procedure in determining the award of counsel fees, and that the amounts awarded were excessive. This contention is also without merit.
"Like any other contract, a stipulation of settlement is enforceable according to its terms, and when the terms of the stipulation are unambiguous, a court will give effect to the parties' intent based upon the plain meaning of the words they used" (Bermejo v New York City Health & Hosps. Corp., 184 AD3d at 617; see Matter of Legion of Christ, Inc. v Town of Mount Pleasant, 151 AD3d 858, 859-860; Long Is. Jr. Soccer League v Back of the Net, Ltd., 85 AD3d 737, 737-738).
Here, the parties' stipulation set forth the procedure to be followed in determining applications for counsel fees, and it committed the ultimate determination of those fees to the discretion of the Supreme Court. Contrary to the appellants' contention, the record demonstrates that the court properly determined the subject attorneys' fees in accordance with the terms of the stipulation.
The appellants' remaining contentions are without merit.
DILLON, J.P., MILLER, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court