Indictor v Indictor (2025 NY Slip Op 01616)

Indictor v Indictor

2025 NY Slip Op 01616

Decided on March 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2022-08779
 (Index No. 50551/12)

[*1]Helen Indictor, respondent, 
v
Shimon L. Indictor, appellant.

Shimon Indictor, named herein as Shimon L. Indictor, Brooklyn, NY, appellant pro se.

DECISION & ORDER
In a consolidated action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Richmond County (Paul Marrone, Jr., J.), dated October 19, 2022. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for an award of certain child support arrears to the extent of awarding her the sum of $59,925, denied that branch of the defendant's motion which was to review and vacate a decision and order (one paper) of the same court (Dennis Owens, Ct. Atty. Ref.) dated March 28, 2022, and reserved decision on that branch of the defendant's separate motion which was for a downward modification of his child support obligation.
ORDERED that the appeal from so much of the order as reserved decision on that branch of the defendant's motion which was for a downward modification of his child support obligation is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
The parties were married in 2001 and have three children together. In 2012, the parties commenced actions for a divorce and ancillary relief, which were consolidated. In an order dated January 18, 2013, the Supreme Court, inter alia, directed the defendant to pay temporary child support in the sum of $2,175 per month. In July 2019, the court confirmed a referee's report dated March 6, 2019, determining, after a hearing, that the defendant owed child support arrears in the sum of $20,000.
In February 2022, the defendant moved, inter alia, for a downward modification of his child support obligation. In April 2022, the plaintiff moved, among other things, for an award of additional child support arrears that accrued after the hearing before the referee. In May 2022, the defendant moved, inter alia, to review and vacate a decision and order dated March 28, 2022, issued by another referee after a nonjury trial. In an order dated October 19, 2022, the Supreme Court granted that branch of the plaintiff's motion which was for an award of child support arrears to the extent of awarding her the sum of $59,925 for the period from April 2019 through March 2022. In addition, the court, among other things, denied that branch of the defendant's motion which was to review and vacate the referee's decision and order dated March 28, 2022, and reserved decision on that branch of the defendant's separate motion which was for a downward modification [*2]of his child support obligation. The defendant appeals.
The appeal from so much of the order as reserved decision on that branch of the defendant's motion which was for a downward modification of his child support obligation must be dismissed. That portion of the order did not determine that branch of the motion, which remained pending and undecided (see CPLR 5701[a][2][v]; Klein v Klein, 134 AD3d 1066, 1068).
The Supreme Court properly denied that branch of the defendant's motion which was to review and vacate the referee's decision and order dated March 28, 2022. Where, as here, a referee was appointed to hear and determine, the referee possesses "all the powers of a court in performing a like function" (CPLR 4301), and the referee's decision "shall stand as the decision of a court" (id. § 4319; see Makmudova v Cohen, 216 AD3d 935, 937). Consequently, the court lacked the authority to review the referee's substantive determination (see Bauer v Special Brands NY, Inc., 138 AD3d 1048, 1050).
The Supreme Court properly granted that branch of the plaintiff's motion which was for an award of additional child support arrears to the extent of awarding her the sum of $59,925 for the period from April 2019 through March 2022 (see Izgelov v Shakov, 129 AD3d 1028, 1029).
MILLER, J.P., DOWLING, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court