■ 113-14 OWNERS CORP., Respondent, v GERROLD GERTZ et al., Defendants, and STANLEY GERTZ, Appellant.—In an action to recover damages for fraud and breach of contract, the

defendant Stanley Gertz appeals from an order of the Supreme Court, Queens County (Leahy, J.), dated December 17, 1985, which denied his motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the motion is granted and the complaint is dismissed as against the defendant Stanley Gertz.

Summary judgment is equivalent to a trial and is, therefore, a drastic remedy which should not be granted if there is any doubt as to the existence of any triable issue of fact *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). However, a " 'shadowy semblance of an issue' " is not enough to defeat the motion, as there must be a genuine issue of fact presented *(Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Here, since no genuine issue of fact exists, the appellant's motion for summary judgment should have been granted.

The plaintiff's complaint alleges that the appellant, the sponsor of a plan for the cooperative conversion of an apartment building, fraudulently misrepresented the condition of the premises and induced plaintiff to purchase the building to its injury.

In order to sustain an action for actual fraud, the plaintiff must prove: (1) that the appellant made a representation, (2) as to a material fact, (3) which was false, (4) and known to be false by the appellant, (5) that the representation was made for the purpose of inducing the plaintiff to rely upon it, and (6) that the plaintiff rightfully did so rely (7) in ignorance of its falsity (8) to his injury *(Brown v Lockwood,* 76 AD2d 721). The plaintiff failed to establish reliance upon the appellant's representation as to the condition of the building, as a matter of law. Here, the offering plan provided that the report of an engineer whom the appellant engaged to investigate the building would become part of the plan; this report detailed the structural problems alleged by the plaintiff. Additionally, the tenant group hired an engineer whose report was even more detailed and critical of the structure. Before purchasing the building, the plaintiff negotiated to increase the reserve fund from $50,000 to $350,000 and to decrease the price per share from $58 to $55.10. Therefore, having full knowledge of the structural defects in the building and using this knowledge to bargain with the defendants, the plaintiff's claim of fraudulent misrepresentation cannot stand. Finally, since the offering plan detailed the infirmities in the structure of the building, the plaintiff's breach of contract claim must also fall. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.