■ LORNA HEAVEN et al., Appellants, v EDWARD McGOWAN, JR., et al., Respondents. [835 NYS2d 641]—

In an action, inter alia, to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Glover, J.), dated April 3, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint, and (2) so much of an order of the same court (Rosengarten, J.), dated September 2, 2005, as denied that branch of their motion which was for leave to renew that branch of the defendants' prior motion which was for summary judgment dismissing the complaint.

Ordered that the order dated September 2, 2005 is reversed insofar as appealed from, on the law, the motion for leave to renew is granted, upon renewal, so much of the order dated April 3, 2000, as granted that branch of the defendants' motion which was for summary judgment dismissing the complaint is

vacated, and that branch of the defendants' motion which was for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the appeal from the order dated April 3, 2000 is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

The plaintiff Tomlinson Living Trust (hereinafter the Trust) was created in 1996 as an irrevocable inter vivos trust, and owned residential real property in Cambria Heights, Queens (hereinafter the property), with a market value as of 2000 in the sum of $200,000. The plaintiff Paula Heaven (hereinafter Paula) is both the trustee and a beneficiary of the Trust, and the plaintiff Lorna Heaven (hereinafter Lorna) is also a beneficiary of the Trust.

Facing foreclosure, the plaintiffs consulted with the defendant Edward M. McGowan, Jr., an attorney who represented the Trust. The plaintiffs alleged that, on the basis of McGowan's representations, they entered into an agreement with him which they believed accomplished a refinance of their mortgage on the property. The documents that the plaintiffs signed, however, actually effected a sale of the property to the defendant New World Investment Trust (hereinafter New World), an entity created and owned by McGowan, for the sum of $92,000 and a leaseback by the plaintiffs at a monthly rent greater than their mortgage payments had been. When the plaintiffs fell behind on their "rental payments" to McGowan and New World, McGowan unsuccessfully commenced a summary holdover proceeding against the plaintiffs in the Civil Court, Queens County. The plaintiffs then commenced this action to recover damages for fraud, among other things, alleging that they were induced to transfer the property to New World and McGowan as a result of McGowan's mischaracterization of the transaction as a refinance.

Fraud consists of "a representation of fact, which is either untrue and known to be untrue or recklessly made, and which is offered to deceive the other party and to induce them to act upon it, causing injury" (*Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 119 [1969]; *see Avecia, Inc. v Kerner*, 299 AD2d 380 [2002]; *Cohen v Houseconnect Realty Corp.*, 289 AD2d 277, 278 [2001]). Thus, in order to prevail on a cause of action alleging fraud, the plaintiffs must demonstrate that (1) the defendant made material representations that were false, (2) the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) the plaintiff justifiably relied on the defendant's representations, and (4) the

plaintiff was injured as a result of the defendant's representations (*see Channel Master Corp. v Aluminium Ltd. Sales,* 4 NY2d 403, 407 [1958]; *Cohen v Houseconnect Realty Corp., supra; 113-14 Owners Corp. v Gertz,* 123 AD2d 850, 851 [1986]).

The defendants met their initial burden of establishing their entitlement to summary judgment on the fraud claim by submitting documentary evidence in the form of the real estate contract of sale dated July 5, 1997, and the recorded deed executed and acknowledged by the plaintiffs on May 29, 1998, demonstrating the plaintiffs' knowledge that the transaction was an actual sale of the property (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 326 [1986]). However, in opposition, the plaintiffs raised triable issues of fact, precluding the granting of summary judgment, on the basis of Lorna's affidavit, in which she asserted that McGowan "told us that he would help us refinance the mortgage" and that the "market value of our house is approximately $200,000."

The assertion that the arrangement between the parties was represented to be a refinance was not denied by the defendants in either their pleadings or their motion papers. In particular, the fifth affirmative defense set forth in the verified answer avers that the term "refinance" is "commonly" used to refer to a sale-leaseback transaction, and is a "proper" description for a "sale-leaseback" transaction. Based on the record as a whole, including McGowan's own admission that he used the term "refinance" to refer to the sale-leaseback transaction, triable issues of fact remain as to whether McGowan made such misrepresentations to mislead and confuse the plaintiffs into entering into the transaction and as to whether the plaintiffs justifiably relied upon those misrepresentations (*see Franco v English,* 210 AD2d 630, 634-635 [1994]; *Koncelik v Abady,* 179 AD2d 942, 944 [1992]).

Moreover, the defendants failed to establish their prima facie entitlement to judgment as a matter of law with respect to the plaintiffs' allegations of a breach of fiduciary duty. The exhibits upon which the defendants relied in this regard controvert their contention that there was no fiduciary relationship between McGowan and the plaintiffs. The language of the Trust, prepared by McGowan, identified him as either trust counsel or as the advisor to Paula, as trustee. An attorney for a trustee is liable for breach of a fiduciary duty to third-party beneficiaries of the trust when the attorney has placed his or her self-interest above that of the trustee (*see Matter of People,* 303 NY 423, 431 [1952]; *see also Chinello v Nixon, Hargrave, Devans & Doyle, LLP,* 15 AD3d 894, 895-896 [2005]). Additional evidence of the fiduciary

relationship may be found in the waivers McGowan had Paula and Lorna execute with respect to the sale-leaseback agreement.

The Supreme Court improvidently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to renew. A motion for leave to renew must generally (1) be based upon new facts not offered on' the prior motion that would change the prior determination and (2) set forth a reasonable justification for the failure to present such facts on the prior motion (*see* CPLR 2221 [e] [2], [3]; *O'Connell v Post*, 27 AD3d 631 [2006]; *Renna v Gullo*, 19 AD3d 472 [2005]). However, these requirements are "flexible . . . and the court, in its discretion, may grant renewal, in the interest of justice, upon facts which were known to the movant where the movant offers a reasonable justification for failing to submit them on the earlier motion" (*Gomez v Needham Capital Group, Inc.*, 7 AD3d 568, 569 [2004]; *Bepat v Chandler*, 2 AD3d 764 [2003]).

Here, the plaintiffs provided a reasonable excuse for their failure to submit an affidavit from Paula in opposition to the defendants' motion in 2000. Any prejudice that might have inured to the defendants as a result of the plaintiffs' delay in making the renewal motion was, at least in part, the result of the defendants' five-year delay in serving the April 3, 2000 order with notice of its entry. Accordingly, the Supreme Court should have granted that branch of the plaintiffs' motion which was for leave to renew and, upon renewal, should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint.

In light of our determination on the appeal from the order dated September 2, 2005, the appeal from the order dated April 3, 2000 has been rendered academic, and must be dismissed on that ground. Miller, J.P., Spolzino, Ritter and Lifson, JJ., concur.