■ In the Matter of ALLSTATE INSURANCE COMPANY, Appellant, v LIBERTY MUTUAL INSURANCE, Respondent. [872 NYS2d 146]—

In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from an order of the Supreme Court, Rockland County (Garvey, J.), entered January 7, 2008, which denied its motion for leave to renew the petition to confirm the award, which was denied in an order of the same court dated November 22, 2006.

Ordered that the order is affirmed, with costs.

Although a motion for leave to renew generally must be based on newly-discovered facts, this requirement is a flexible one, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion (*see Matter of Gold v Gold,* 53 AD3d 485, 487 [2008]; *Matter of Surdo v Levittown Pub. School Dist.,* 41 AD3d 486 [2007]; *Heaven v McGowan,* 40 AD3d 583 [2007]; *Allstate Ins. Co. v Davis,* 23 AD3d 418 [2005]). Nevertheless, "[a] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (*Elder v Elder,* 21 AD3d 1055, 1055 [2005]; *see Lardo v Rivlab Transp. Corp.,* 46 AD3d 759 [2007]; *Matter of Leyberman v Leyberman,* 43 AD3d 925 [2007]).

Contrary to the petitioner's contention, the Supreme Court did not improvidently exercise its discretion in denying its motion for leave to renew. The petitioner's motion was based upon evidence that either was in its possession at the time its petition to confirm the arbitration award was brought, or could have been obtained earlier with due diligence, and it did not sufficiently justify, inter alia, its failure to attach a copy of the award it was seeking to confirm to its petition. Moreover, the petitioner failed to offer a reasonable justification for its eight-month delay in moving for leave to renew to correct various deficiencies in the petition, which included the failure to submit a copy of the arbitration award (*see Christ v Solomon,* 6 AD3d 569 [2004]; *Matter of Tri-State Consumer Ins. Co. v Singh,* 297 AD2d 349 [2002]; *Cole-Hatchard v Grand Union,* 270 AD2d 447, 448 [2000]). Skelos, J.P., Dillon, McCarthy and Eng, JJ., concur.