◼ SHARON SMITH, Appellant, v STATE OF NEW YORK, Respondent, et al., Defendants. [896 NYS2d 454]— .

In a claim to recover damages for medical malpractice, the

claimant appeals from an order of the Court of Claims (Soto, J.), dated September 30, 2008, which denied her motion, denominated as one for leave to renew but which was, in actuality, one for leave to renew and reargue her motion to vacate the dismissal of the claim and restore it to the active calendar.

Ordered that the appeal from so much of the order as denied that branch of the motion which was, in actuality, for leave to reargue is dismissed, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The Court of Claims dismissed the instant claim after the claimant's attorney failed to appear for a conference (*see* 22 NYCRR 206.10 [g]). In support of her motion to vacate the dismissal and restore the case to the active calendar, the claimant submitted evidence that the failure to appear was attributable to excusable law office failure, but she failed to submit a physician's affidavit of merit (*see Gourdet v Hershfeld*, 277 AD2d 422, 422-423 [2000]). After this deficiency was pointed out in the opposition papers, the claimant did not seek to remedy the defect, but insisted in reply that the claim was to recover damages for negligence, not malpractice, so that no expert affidavit was necessary. The court rejected this argument and found that, although the failure to appear at the conference was excusable, the claimant had not demonstrated that she had a meritorious claim. The claimant moved for what she denominated as leave to renew her motion, this time submitting the required physician's affidavit to establish the merit of her claim (*see Mevorah v King*, 303 AD2d 657 [2003]; *Tolliver v County of Nassau*, 231 AD2d 708 [1996]). The Court of Claims denied the motion, viewing it as one for leave to reargue, but also treating it, in the alternative, as one for leave to renew.

On appeal, the claimant contends that her motion was solely for leave to renew, but she continues to assert that the court misconstrued the nature of her claim, at least in part, and that no physician's affidavit was necessary with respect to the negligence aspects of her claim. That argument is in the nature of reargument. Inasmuch as the denial of a motion for leave to reargue is not appealable, we dismiss so much of the appeal as seeks review of the denial of leave to reargue (*see North Sea Country Gardens v Venuti*, 238 AD2d 324 [1997]; *Navaro v Ieraci*, 214 AD2d 713 [1995]).

"Although a motion for leave to renew generally must be based on newly-discovered facts, this requirement is a flexible

one, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (*Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]; *see Matter of Gold v Gold*, 53 AD3d 485, 487 [2008]). Leave to renew, however, is not freely given to a party who has not exercised due diligence in making the initial factual presentation (*see Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d at 728; *Elder v Elder*, 21 AD3d 1055, 1055 [2005]). Here, the Court of Claims did not improvidently exercise its discretion in denying that branch of the motion which was, in effect, for leave to renew, because the claimant failed to offer a reasonable justification for failing to present the physician's affidavit in the first motion (*see Hassell v New York Univ. Med. Ctr.* 48 AD3d 632 [2008]). The claimant insisted that it was reasonable to conclude, albeit mistakenly, that no affidavit of merit was necessary because the claim was to recover damages for negligence, rather than medical malpractice. This excuse did not amount to a reasonable justification for failing to submit an affidavit of merit, given her earlier recognition, implicit in the statement of merit submitted with her amended verified claim and explicit in her notice of motion to vacate the dismissal, that the claim was to recover damages for medical malpractice, rather than negligence. Fisher, J.P., Miller, Eng and Hall, JJ., concur.