In the Matter of REBECCA BEREN, Respondent, v AVI BEREN, Appellant. [938 NYS2d 199]—

Contrary to the father's contention, the Family Court did not improvidently exercise its discretion in granting that branch of the mother's motion which was for leave to renew her prior motion for an award of an attorney's fee in connection with the court's determination as to custody and visitation. The mother's excuse of law office failure for not including a statement of net worth with her initial moving papers was reasonable under the circumstances (*see* 22 NYCRR 202.16 [k] [5]; *Vita v Alstom Signaling*, 308 AD2d 582, 583 [2003]). " 'Although a motion for leave to renew generally must be based on newly-discovered facts, this requirement is a flexible one, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion' " (*Smith v State of New York*, 71 AD3d 866, 867-868 [2010], quoting *Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]). Upon renewal, considering all the circumstances of this case, the Family Court providently exercised its discretion in granting the mother's motion for an award of an attorney's fee to the extent of directing the father to pay her $25,000 (*see Matter of Talty v Talty*, 75 AD3d 648, 650 [2010]).

Further, in light of the father's conduct in unnecessarily engaging in certain litigation related to the children, the Family Court providently exercised its discretion in granting the mother's separate motion for an award of an attorney's fee to the extent of directing the father to pay her $10,000 (*see Chamberlain v Chamberlain*, 24 AD3d 589, 594 [2005]; *Matter of O'Shea v Parker*, 16 AD3d 510 [2005]; *Matter of Dowd v White*, 155 AD2d 459 [1989]).

The father's remaining contentions either are without merit or are not properly before this Court. Rivera, J.P., Dickerson, Chambers and Austin, JJ., concur.