■ Luz Calle, Appellant, v Marlen Zimmerman et al., Respondents, et al., Defendants. [20 NYS3d 557]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), dated December 16, 2014, which granted the motion of the defendants Marlen Zimmerman and Jenna DeRosa for leave to renew that branch of their prior motion which was for leave to conduct the deposition of the defendant Marlen Zimmerman via videoconferencing, which had been determined in an order of the same court dated June 24, 2014, and, upon renewal, in effect, vacated the determination in the order dated June 24, 2014, denying that branch of the prior motion, and thereupon granted that branch of the prior motion.

Ordered that the order dated December 16, 2014, is affirmed, with costs.

The defendants Marlen Zimmerman and Jenna DeRosa moved, inter alia, for leave to conduct the deposition of Zimmerman via videoconferencing. In an order dated June 24, 2014, the Supreme Court, among other things, denied that branch of their motion. Zimmerman and DeRosa subsequently moved for leave to renew that branch of their prior motion. In an order dated December 16, 2014, the Supreme Court granted their motion for leave to renew and, upon renewal, in effect, vacated the determination in the order dated June 24, 2014, denying that branch of their prior motion which was for leave to conduct the deposition of Zimmerman via videoconferencing, and thereupon granted that branch of that motion. The plaintiff appeals.

A motion for leave to renew must be based upon new facts, not offered on the original application, "that would change the prior determination" (CPLR 2221 [e] [2]; see Matter of Korman v Bellmore Pub. Schools, 62 AD3d 882, 884 [2009]). "Although a motion for leave to renew generally must be based on newly-discovered facts, this requirement is a flexible one, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727, 728 [2009]; see Smith v State of New York, 71 AD3d 866, 867-868 [2010]). What constitutes a "reasonable justification" is within the Supreme Court's discretion (Heaven v McGowan, 40 AD3d 583, 586 [2007]; see Rowe v NYCPD, 85 AD3d 1001, 1003 [2011]).

Here, contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in granting the motion of Zimmerman and DeRosa for leave to renew. The excuse of law office failure presented by Zimmerman and DeRosa was, under the circumstances, a reasonable justification for their failure to submit the additional facts on the original motion (see Matter of Beren v Beren, 92 AD3d 676, 677 [2012]; Vita v Alstom Signaling, 308 AD2d 582, 583 [2003]). Furthermore, upon renewal, considering all the circumstances of this case, the court providently exercised its discretion in granting that branch of the motion of Zimmerman and DeRosa which was for leave to conduct the deposition of Zimmerman via videoconferencing (see Provident Life & Cas. Ins. Co. v Brittenham, 283 AD2d 629, 630 [2001]; see also 22 NYCRR 202.15 [a]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.