■ Joseph Castor, Respondent, v Jamine Cuevas, Appellant, et al., Defendant. [26 NYS3d 564]—

In an action to recover damages for personal injuries, the defendant Jamine Cuevas appeals from an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated February 13, 2015, which granted that branch of the plaintiff's motion which was for leave to renew the plaintiff's opposition to her motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against her for failure to serve a timely complaint, which had been granted in an order of the same court dated October 3, 2014, and, upon renewal, vacated the order dated October 3, 2014, and thereupon denied her motion pursuant to CPLR 3012 (b) to dismiss the action insofar as asserted against her for failure to serve a timely complaint.

Ordered that the order dated February 13, 2015 is affirmed, with costs.

"Although a motion for leave to renew generally must be based on newly-discovered facts, this requirement is a flexible one, and a court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (*Matter of Allstate Ins. Co. v Liberty Mut. Ins.*, 58 AD3d 727, 728 [2009]; *see Matter of Osorio v Motor Veh. Acc. Indem. Corp.*, 112 AD3d 831, 832-833 [2013]; *Deutsche Bank Trust Co. v Ghaness*, 100 AD3d 585, 586 [2012]; *Dervisevic v Dervisevic*, 89 AD3d 785, 786 [2011]; *Gonzalez v Vigo Constr. Corp.*, 69 AD3d 565, 566 [2010]). What is considered a "reasonable justification" is within the Supreme Court's discretion (*Heaven v McGowan*, 40 AD3d 583, 586 [2007]; *see Calle v Zimmerman*, 133 AD3d 809 [2015]). "Law office failure can be accepted as a reasonable excuse in the exercise of the court's sound discretion" (*Nwauwa v Mamos*, 53 AD3d 646, 649 [2008]; *see* CPLR 2005; *Rivera v Queens Ballpark Co., LLC*, 134 AD3d 796 [2015]).

Here, contrary to the appellant's contention, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's motion which was for leave to

renew his opposition to her motion, as the excuse of law office failure presented by the plaintiff was reasonable under the circumstances (*see Gordon v Boyd*, 96 AD3d 719, 720 [2012]; *Matter of Beren v Beren*, 92 AD3d 676, 677 [2012]; *see also Hackney v Monge*, 103 AD3d 844, 845 [2013]).

Furthermore, upon renewal, considering all the circumstances of this case, the Supreme Court providently exercised its discretion in denying the appellant's motion pursuant to CPLR 3012 (b) to dismiss the complaint insofar as asserted against her for failure to serve a timely complaint. The plaintiff proffered a reasonable excuse for his delay in serving the complaint after being served by the appellant with a notice of appearance and demand for a complaint, and established that he had a potentially meritorious cause of action against the appellant (*see Mitrani Plasterers Co., Inc. v SCG Contr. Corp.*, 97 AD3d 552, 552-553 [2012]).

The appellant's remaining contentions are either without merit or improperly raised for the first time on appeal. Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.