Appeal by the defendant from an order of the Supreme Court, Suffolk County (Marlene L. Budd, J.), dated August 17, 2015. The order, insofar as appealed from, in effect, granted that branch of the plaintiff’s motion which was for leave to renew that branch of his prior motion which was to direct the sale of the former marital residence in accordance with the terms of the parties’ stipulation of settlement, which had been denied as premature in an order of that court dated January 13, 2015, and thereupon granted that branch of the plaintiff’s prior motion and directed that the former marital residence be sold in accordance with the terms of the stipulation of settlement.
 

 Ordered that the order dated August 17, 2015, is modified, on the facts, by deleting the provision thereof, upon, in effect, renewal, granting that branch of the plaintiff’s prior motion which was to direct the sale of the former marital residence in accordance with the terms of the stipulation of settlement, and substituting therefor a provision, upon renewal, denying that branch of the plaintiff’s prior motion; as so modified, the order is affirmed insofar as appealed from, with costs to the defendant.
 

 In this matrimonial action, in which the parties were divorced by a judgment entered June 14, 2012, the parties entered into a stipulation of settlement requiring the defendant to pay off the existing mortgage on the former marital residence, a home equity loan, and a $97,000 judgment against the parties in favor of the plaintiff’s parents. The stipulation also required that the defendant indemnify and hold the plaintiff harmless from any liability in connection with those debts. Further, the stipulation of settlement gave the defendant 15 months to refinance the existing mortgage on the former marital residence so as to relieve the plaintiff from any liability under the existing mortgage and home equity loan, and the $97,000 judgment in favor of his parents. The stipulation of settlement also required that the plaintiff sign a deed relinquishing any claim to the residence in favor of the defendant; That deed was to be held in escrow pending the defendant’s refinancing of the mortgage. The plaintiff also was required to satisfy, or have vacated, a judgment in the amount of $197,000 entered solely against him by his father, so as to remove this judgment as a lien against the former marital residence.
 

 When the defendant failed to refinance the mortgage within 15 months, the plaintiff moved, inter alia, pursuant to the terms of the stipulation of settlement, to direct the sale of the former marital residence. The defendant asserted that the plaintiff had failed to sign a deed relinquishing his claim to the former marital residence. The plaintiff did not deny the defendant’s assertion. In an order dated January 13, 2015, the Supreme Court denied the plaintiff’s motion as premature on the ground that the plaintiff had not yet signed a deed relinquishing his claim to the marital residence. Subsequently, the plaintiff moved for leave to renew and reargue that branch of his prior motion which was to direct the sale of the former marital residence. In support of his motion, the plaintiff submitted evidence that he had, in fact, executed a deed relinquishing his claim to the former marital residence, as required by the stipulation of settlement. The plaintiff asserted that he had not submitted the deed previously because he had overlooked the defendant’s assertion in her opposition papers that he had not yet signed a deed. The defendant opposed the plaintiff’s motion for leave to renew and reargue. In the order appealed from, the Supreme Court, upon, in effect, renewal, directed that the former marital residence be sold in accordance with the terms of the stipulation of settlement. The defendant appeals.
 

 A motion for leave to renew “shall be based upon new facts not offered on the prior motion that would change the prior determination” and “shall contain reasonable justification for the failure to present such facts on the prior motion” (CPLR 2221 [e] [2], [3]; see Mosquera v Roach, 151 AD3d 1056, 1058 [2017]). The Supreme Court has discretion in determining what constitutes a reasonable justification for a party’s failure to present certain facts initially (see Calle v Zimmerman, 133 AD3d 809, 810 [2015]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 391-392 [2008]). Contrary to the defendant’s contention, it was not, under the circumstances of this case, an improvident exercise of discretion for the court to accept, as a reasonable justification, the plaintiff’s explanation for his failure on his initial motion to submit evidence as to his execution of a deed (see Aurora Loan Seros., LLC v Ahmed, 122 AD3d 557, 558 [2014]). The focus of the defendant’s opposition to the original motion was not the alleged failure by the plaintiff to execute a deed to the former marital residence. That alleged failure was mentioned only in passing. Moreover, it is significant that the denial of the plaintiff’s initial motion was on the ground that the motion was premature, based on the plaintiff’s purported failure to sign a deed. The court’s acceptance of the plaintiff’s excuse, upon renewal, for his failure to submit the deed, was not an improvident exercise of discretion (see id. at 558).
 

 The Supreme Court erred, however, in granting the subject branch of the plaintiff’s motion upon, in effect, renewal, because the plaintiff failed to establish that he was entitled to the relief he sought, namely, the sale of the marital residence in accordance with the terms of the stipulation of settlement. As already noted, the stipulation of settlement provides that the plaintiff was to satisfy or vacate a judgment in the amount of $197,000 that his father held against him only. Although the plaintiff satisfied that judgment in part, reducing the total amount to approximately $97,000, the plaintiff had not satisfied it entirely. The remaining lien from that judgment may have directly affected the defendant’s ability to fulfill her obligations under the stipulation of settlement to refinance the mortgage. Further, the record does not support the plaintiff’s contention that the $97,000 judgment that the defendant was obligated to satisfy was the remainder of the $197,000 judgment entered by his father against only him (see Rosner v Rosner, 143 AD3d 882, 884 [2016]; U.S. Bank N.A. v Mask, 139 AD3d 1043, 1045 [2016]). Accordingly, in the absence of his own compliance with the stipulation of settlement, the plaintiff was not entitled to a directive that the former marital residence be sold under its terms.
 

 In light of our determination, we need not address the defendant’s remaining contention.
 

 Balkin, J.P., Austin, Sgroi and LaSalle, JJ., concur.