Burro v Kang (2018 NY Slip Op 08457)





Burro v Kang


2018 NY Slip Op 08457


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2017-03274
 (Index No. 26694/01)

[*1]Jeanette Burro, etc., respondent, 
v
Pritpal Kang, defendant, Dyker Emergency Physicians, P.C., et al., appellants.


Aaronson Rappaport Feinstein & Deutsch, LLP, New York, NY (Elliott J. Zucker of counsel), for appellants.
Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the defendants Dyker Emergency Physicians, P.C., and Ajoy Kumar Pandey appeal from an order of the Supreme Court, Kings County (Gloria M. Dabiri, J.), entered March 10, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for leave to renew her prior motion, inter alia, to restore the action to active status, which had been denied, without prejudice, in a prior order of the same court dated May 10, 2016, and for leave to renew her opposition to the separate cross motions of the defendant Pritpal Kang and the defendants Dyker Emergency Physicians, P.C., and Ajoy Kumar Pandey to dismiss the amended complaint insofar as asserted against each of them, which had been granted in the order dated May 10, 2016, and upon renewal, in effect, vacated the order dated May 10, 2016, and thereupon granted that branch of the plaintiff's prior motion which was to restore the action to active status and, in effect, denied the separate cross motions of the defendant Pritpal Kang and the defendants Dyker Emergency Physicians, P.C., and Ajoy Kumar Pandey to dismiss the amended complaint insofar as asserted against each of them.
ORDERED that the appeal from so much of the order entered March 10, 2017, as granted that branch of the plaintiff's motion which was for leave to renew her opposition to the cross motion of the defendant Pritpal Kang to dismiss the amended complaint insofar as asserted against him and, upon renewal, in effect, vacated the determination in the order dated May 10, 2016, granting that cross motion, and thereupon, in effect, denied that cross motion is dismissed, without costs or disbursements, as the defendants Dyker Emergency Physicians, P.C., and Ajoy Kumar Pandey are not aggrieved by those portions of the order entered March 10, 2017 (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order entered March 10, 2017, is modified, on the facts and in the exercise of discretion, by deleting the provision thereof, upon renewal, in effect, denying the cross motion of the defendants Dyker Emergency Physicians, P.C., and Ajoy Kumar Pandey to dismiss the amended complaint insofar as asserted against them, and substituting therefor a provision, upon renewal, granting that cross motion only to the extent of imposing a monetary [*2]sanction in the sum of $2,500 payable to the defendant Dyker Emergency Physicians, P.C., by the plaintiff's attorney, and imposing a monetary sanction in the sum of $2,500 payable to the defendant Ajoy Kumar Pandey by the plaintiff's attorney, and otherwise denying that cross motion; as so modified, the order entered March 10, 2017, is affirmed insofar as reviewed, without costs or disbursements.
In 2001, this action was commenced against, among others, the defendants Pritpal Kang, Dyker Emergency Physicians, P.C. (hereinafter Dyker), and Ajoy Kumar Pandey (hereinafter together with Dyker, the appellants) by Antonio P. Ferrante, the husband of Jean Ferrante (hereinafter the decedent), suing on behalf of the decedent's estate and on his own behalf, to recover damages, inter alia, for medical malpractice and wrongful death with respect to the decedent's death after she sought and received medical treatment from the defendants. After Antonio died in 2011, Jeannette Burro, as administrator of both the decedent's estate and Antonio's estate, was substituted as the plaintiff.
Following motion practice, the Supreme Court issued an order dated March 23, 2015 (hereinafter the conditional order of dismissal), in which the court directed that the amended complaint would be dismissed unless certain discovery deadlines were met and the plaintiff filed a note of issue, or moved to extend her time to do so, by September 11, 2015. The plaintiff failed to file a note of issue by September 11, 2015, as certain discovery remained outstanding, and she did not move to extend her time to file the note of issue. This matter was marked disposed by the court.
Subsequently, the plaintiff moved, inter alia, to restore the action to active status, and Kang and the appellants separately cross-moved to dismiss the amended complaint insofar as asserted against each of them. In an order dated May 10, 2016, the Supreme Court denied the plaintiff's motion "without prejudice" and granted the separate cross motions of Kang and the appellants.
Thereafter, the plaintiff moved, inter alia, for leave to renew her prior motion, among other things, to restore the action to active status, and for leave to renew her opposition to the separate cross motions of Kang and the appellants to dismiss the amended complaint insofar as asserted against each of them. In an order entered March 10, 2017, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to renew, and upon renewal, in effect, vacated the order dated May 10, 2016, and thereupon granted that branch of the plaintiff's prior motion which was to restore the action to active status and, in effect, denied the separate cross motions of Kang and the appellants to dismiss the amended complaint insofar as asserted against each of them.
As an initial matter, we observe that Kang has not appealed from the order entered March 10, 2017. "Relief on an appeal may not, as a general rule, be granted to a nonappealing party" (Stimmel v Stimmel, 163 AD2d 381, 383; see 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 151 n 3; Hecht v City of New York, 60 NY2d 57, 61-62; Viafax Corp. v Citicorp Leasing, Inc., 54 AD3d 846, 850). The corollary to this rule is that "an appellate court's scope of review with respect to an appellant, once an appeal has been timely taken, is generally limited to those parts of the judgment [or order] that have been appealed and that aggrieve the appealing party" (Hecht v City of New York, 60 NY2d at 61). As relevant here, "a person is aggrieved when someone asks for relief against him or her, which the person opposes, and the relief is granted in whole or in part" (Mixon v TBV, Inc., 76 AD3d 144, 156-157 [emphasis omitted]). Accordingly, the appeal from so much of the order entered March 10, 2017, as granted the plaintiff relief against Kang must be dismissed, as the appellants are not aggrieved by those portions of that order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d at 156-157).
Turning to the merits, a motion for leave to renew must be based upon new facts, not offered on the original motion, "that would change the prior determination" (CPLR 2221[e][2]; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 585-586). "The new or additional facts either must have not been known to the party seeking renewal or may, in the Supreme Court's discretion, be based on facts known to the party seeking renewal at the time of the original motion" (Deutsche [*3]Bank Trust Co. v Ghaness, 100 AD3d at 856; see Cioffi v S.M. Foods, Inc., 129 AD3d 888, 891). "However, in either instance, a reasonable justification' for the failure to present such facts on the original motion must be presented" (Rowe v NYCPD, 85 AD3d 1001, 1003, quoting CPLR 2221[e][3]; see Cioffi v S.M. Foods, Inc., 129 AD3d at 891; Deutsche Bank Trust Co. v Ghaness, 100 AD3d at 856). "The Supreme Court has discretion in determining what constitutes a reasonable justification for a party's failure to present certain facts initially" (Martelloni v Martelloni, 154 AD3d 924, 926; see Buongiovanni v Hasin, 162 AD3d 736, 738).
Here, contrary to the appellants' contention, the Supreme Court providently exercised its discretion in considering the new evidence submitted by the plaintiff in support of those branches of her motion which were for leave to renew her prior motion and her opposition to the appellants' cross motion. Although the new facts may have been known to the plaintiff at the time of her prior motion, the plaintiff explained that the new evidence was not submitted in connection with her prior motion and opposition due to a misunderstanding by counsel that ultimately led to law office failure. It was not, under the circumstances of this case, an improvident exercise of discretion for the court to accept, as a reasonable justification, the plaintiff's explanation (see Buongiovanni v Hasin, 162 AD3d at 738; Martelloni v Martelloni, 154 AD3d at 926; Calle v Zimmerman, 133 AD3d 809, 810; Matter of Beren v Beren, 92 AD3d 676, 677; Vita v Alstom Signaling, 308 AD2d 582, 583).
Contrary to the appellants' further contention, the new evidence submitted by the plaintiff "change[d] the prior determination" (CPLR 2221[e][2]). The conditional order of dismissal became absolute upon the plaintiff's failure to fully comply with it (see Rothman v Westfield Group, 101 AD3d 703, 704; Wei Hong Hu v Sadiqi, 83 AD3d 820, 821). To be relieved of the adverse impact of the conditional order of dismissal, the plaintiff was required to demonstrate (1) a reasonable excuse for her failure to comply with the conditional order of dismissal and (2) the existence of a potentially meritorious cause of action (see Gibbs v St. Barnabas Hosp., 16 NY3d 74, 80; Patino v Carlyle Three, LLC, 148 AD3d 1175, 1176; Lee v Barnett, 134 AD3d 908, 910; Estate of Alston v Ramseur, 124 AD3d 713, 713).
Here, it is undisputed that the plaintiff adequately demonstrated the existence of a potentially meritorious cause of action. Accordingly, this Court need only consider whether the plaintiff adequately demonstrated a reasonable excuse for her failure to comply with the conditional order of dismissal.
"The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion" (Young Su Hwangbo v Nastro, 153 AD3d 963, 965). "Whether there is a reasonable excuse for a default is a discretionary, sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Harcztark v Drive Variety, Inc., 21 AD3d 876, 876-877; see Young Su Hwangbo v Nastro, 153 AD3d at 965; Fried v Jacob Holding, Inc., 110 AD3d 56, 60). "[T]he court has discretion to accept law office failure as a reasonable excuse (see CPLR 2005) where that claim is supported by a detailed and credible explanation of the default at issue" (Ki Tae Kim v Bishop, 156 AD3d 776, 777; see Gately v Drummond, 161 AD3d 947, 949; Scholem v Acadia Realty L.P., 144 AD3d 1012, 1013).
Here, the new evidence submitted by the plaintiff, when considered in connection with the evidentiary materials submitted in connection with the original motion practice, set forth a detailed and credible explanation for the plaintiff's failure to fully comply with the conditional order of dismissal. Contrary to the appellants' contention, the Supreme Court was entitled to re-evaluate the prior explanations of law office failure in light of the new evidence submitted by the plaintiff. Under the circumstances, and cognizant that public policy favors the resolution of cases on the merits, we conclude that the court providently exercised its discretion in accepting the plaintiff's explanation of law office failure as a reasonable excuse for the plaintiff's failure to fully comply with the conditional order of dismissal (see CPLR 2005; see also Gately v Drummond, 161 AD3d at 949; Moore v Day, 55 AD3d 803, 804-805; Ahmad v Aniolowiski, 28 AD3d 692, 693).
Accordingly, the Supreme Court providently exercised its discretion in granting those branches of the plaintiff's motion which were for leave to renew her prior motion and for leave to renew her opposition to the appellants' cross motion to dismiss the amended complaint insofar as asserted against them. Furthermore, upon renewal, the court appropriately, in effect, vacated the determinations in the order dated May 10, 2016, and thereupon granted that branch of the plaintiff's prior motion which was to restore the action to active status.
Nonetheless, although the plaintiff set forth a reasonable explanation for her failure to fully comply with the conditional order of dismissal, the fact remains that she failed to fully comply with that order, and her conduct during discovery cannot be countenanced (see L & L Auto Distribs. & Suppliers Inc. v Auto Collection, Inc., 85 AD3d 734, 736). Consequently, under all of the facts and circumstances of this case, a monetary sanction in the total sum of $5,000 is warranted to compensate the appellants for the time expended and costs incurred in connection with the plaintiff's failure to fully and timely comply with the conditional order of dismissal (see id. at 736; Friedman, Harfenist, Langer & Kraut v Richard Bruce Rosenthal, 79 AD3d 798, 801).
Accordingly, upon renewal, the Supreme Court improvidently exercised its discretion when it, in effect, denied the appellants' cross motion to dismiss the amended complaint insofar as asserted against them. Under the circumstances, the court should have granted the appellants' cross motion only to the extent of (1) imposing a monetary sanction in the sum of $2,500 payable to Dyker by the plaintiff's attorney, and (2) imposing a monetary sanction in the sum of $2,500 payable to Pandey by the plaintiff's attorney. However, since this case was commenced in 2001, more than 17 years ago, the parties should conduct themselves in such a manner so that the action can proceed to trial and ultimately be resolved as expeditiously as possible.
MASTRO, J.P., AUSTIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court