Shacknow v Fischman (2019 NY Slip Op 01634)





Shacknow v Fischman


2019 NY Slip Op 01634


Decided on March 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2017-08906
 (Index No. 10893/06)

[*1]Julie Shacknow, respondent, 
v
Jeffrey R. Fischman, etc., appellant, et al., defendant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone of counsel), for appellant.
James Greenberg, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Jeffrey R. Fischman appeals from an order of the Supreme Court, Kings County (Marsha L. Steinhardt, J.), dated July 13, 2017. The order granted the plaintiff's motion for leave to renew and reargue her prior cross motion to restore the case to the trial calendar, which cross motion was denied in an order of the same court dated December 13, 2016, and, upon renewal and reargument, vacated a judgment of the same court dated March 31, 2017, which, upon the order dated December 13, 2016, dismissed the complaint pursuant to CPLR 3404, and thereupon granted the plaintiff's cross motion.
ORDERED that the order dated July 13, 2017, is affirmed, with costs.
In April 2006, the plaintiff commenced this action against, among others, the defendant Jeffrey R. Fischman (hereinafter the defendant) to recover damages for medical malpractice arising from breast augmentation surgery performed in 2003. In contemplation of additional discovery that would be necessitated by the plaintiff's ongoing medical treatment, the case was marked off the trial calendar on June 9, 2014.
After the plaintiff's counsel wrote to the Supreme Court on June 22, 2015, requesting that the case be restored to the trial calendar, the defendant moved pursuant to CPLR 3404 to dismiss the complaint. The plaintiff cross-moved to restore the case to the trial calendar. By order dated December 13, 2016, the Supreme Court granted the defendant's motion, denied the plaintiff's cross motion, and directed dismissal of the complaint.
The plaintiff subsequently moved for leave to renew and reargue her cross motion. The Supreme Court granted the plaintiff's motion and, upon renewal and reargument, granted the plaintiff's prior cross motion to restore the case to the trial calendar. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "While a court has discretion to entertain renewal based on facts known to the movant at the time of the original motion, the movant must set forth a reasonable justification for the failure to submit the [*2]information in the first instance" (Professional Offshore Opportunity Fund, Ltd. v Braider, 121 AD3d 766, 769; see Deutsche Bank Trust Co. v Ghaness, 100 AD3d 585, 586). "What is considered a reasonable justification' is within the Supreme Court's discretion" (Castor v Cuevas, 137 AD3d 734, 734, quoting Heaven v McGowan, 40 AD3d 583, 586; see Buongiovanni v Hasin, 162 AD3d 736, 738; Martelloni v Martelloni, 154 AD3d 924, 926).
Here, based on the plaintiff's submissions, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion which was for leave to renew her cross motion to restore the case to the trial calendar (see Castor v Cuevas, 137 AD3d at 734-735; Calle v Zimmerman, 133 AD3d 809, 810). Moreover, upon renewal, and considering the circumstances of this case and the factors to be weighed in determining a motion to restore (see Hagler v Southampton Hosp., 164 AD3d 479, 480; LaMarca v Scotto Bros. Woodbury Rest., Inc., 87 AD3d 984, 984-985), we agree with the Supreme Court's determination to grant the plaintiff's prior cross motion to restore the case to the trial calendar.
In view of the foregoing, we need not consider the parties' contentions with regard to the Supreme Court's determination to grant that branch of the plaintiff's motion which was for leave to reargue.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court