Mooklal v Clermont Farm Corp. (2020 NY Slip Op 05501)





Mooklal v Clermont Farm Corp.


2020 NY Slip Op 05501


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
PAUL WOOTEN, JJ.


2019-05331
 (Index No. 712955/15)

[*1]Steve Mooklal, appellant, 
v
Clermont Farm Corp., et al., respondents.


Gregory Spektor & Associates, P.C., Rosedale, NY, for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered March 28, 2019. The order denied the plaintiff's motion for leave to renew his prior motion for summary judgment on the issue of liability, which had been denied in an order of the same court dated June 12, 2017, and for leave to renew his opposition to the defendants' prior motion to enforce a settlement agreement, which had been granted in an order of the same court dated February 7, 2018.
ORDERED that the order entered March 28, 2019, is affirmed, with costs.
The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained in an automobile accident. In May 2016, prior to the completion of discovery, the plaintiff moved for summary judgment on the issue of liability. While that motion was pending, the parties agreed to settle the matter. However, the plaintiff thereafter refused to accept the settlement agreement. The defendants moved to enforce the settlement in February 2017. In an order dated June 12, 2017, the Supreme Court denied the plaintiff's motion for summary judgment on the issue of liability, and in an order dated February 7, 2018, the court granted the defendants' motion to enforce the settlement agreement. In April 2018, the plaintiff moved for leave to renew his motion for summary judgment on the issue of liability, and his
opposition to the defendants' motion to enforce the settlement agreement. The court denied the plaintiff's motion for leave to renew in its entirety. The plaintiff appeals.
A motion for leave to renew shall be based on new facts not offered on the original motion that would change the prior determination, and shall contain a reasonable justification for the failure to present the new facts on the original motion (see CPLR 2221[e][2], [3]; Robinson v Viani, 140 AD3d 845, 848). "'Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation'" (Hernandez v Nwaishienyi, 148 AD3d 684, 687, quoting Jovanovic v Jovanovic, 96 AD3d 1019, 1020). Moreover, the court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, "'provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion'" (Castor v Cuevas, 137 AD3d 734, 734, quoting Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d 727, 728). What constitutes a reasonable justification, including law office failure, is within the discretion of the Supreme Court (see Castor [*2]v Cuevas, 137 AD3d at 734; Heaven v McGowan, 40 AD3d 583).
The Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment on the issue of liability (see Yebo v Cuadra, 98 AD3d 504). The plaintiff sought renewal based upon photographic evidence of the defendants' vehicle received from the defendants in discovery in August 2016, after the plaintiff moved for summary judgment. The court found that the defendants demonstrated that the photographs were served prior to the deadline for the submission of reply papers. However, even assuming that the plaintiff did not receive the photographs until after he submitted reply papers to his motion, the plaintiff failed to demonstrate due diligence in bringing this evidence to the court's attention (see Abrams v Berelson, 94 AD3d 782, 784; Matter of Allstate Ins. Co. v Liberty Mut. Ins., 58 AD3d at 728). In any event, the photographs would not have changed the determination had they been submitted with the plaintiff's motion for summary judgment on the issue of liability (see Vyrtle Trucking Corp. v Browne, 157 AD3d 842, 843-844). Accordingly, we agree with the court's denial of that branch of the plaintiff's motion which was for leave to renew his prior motion for summary judgment on the issue of liability.
We also agree with the Supreme Court's determination denying that branch of the plaintiff's motion which was for leave to renew his opposition to the defendants' motion to enforce the settlement agreement. The plaintiff failed to offer a reasonable justification as to why the photographs were not submitted in opposition to the defendants' motion brought in February 2017 or demonstrate that the photographs would have changed the prior determination (see Prudence v White, 144 AD3d 657).
BALKIN, J.P., BARROS, CONNOLLY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court