Deutsche Bank Natl. Trust Co. v Sylvestre (2025 NY Slip Op 03039)

Deutsche Bank Natl. Trust Co. v Sylvestre

2025 NY Slip Op 03039

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
LILLIAN WAN
PHILLIP HOM, JJ.

2023-09803
2024-03678
 (Index No. 527853/19)

[*1]Deutsche Bank National Trust Company, etc., appellant, 
v
Jacques Sylvestre, etc., respondent, et al., defendants.

Tromberg, Morris & Partners, PLLC, New York, NY (Brettanie Hart Saxton of counsel), for appellant.
Marc P. Gershman, Minoela, NY, for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 6, 2023, and (2) an order of the same court dated October 30, 2023. The order dated June 6, 2023, granted the motion of the defendant Jacques Sylvestre pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and, in effect, for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The order dated October 30, 2023, insofar as appealed from, denied the plaintiff's motion for leave to renew its opposition to the prior motion of the defendant Jacques Sylvestre pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and, in effect, for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order dated June 6, 2023, is affirmed; and it is further,
ORDERED that the order dated October 30, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Jacques Sylvestre.
In October 2009, the plaintiff commenced an action against the defendant Jacques Sylvestre (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Brooklyn (hereinafter the 2009 action), electing in the complaint to accelerate the mortgage debt. In an order dated October 3, 2013, the Supreme Court directed dismissal of the complaint in the 2009 action due to the plaintiff's failure to appear at a status conference.
In December 2019, the plaintiff commenced this action to foreclose the mortgage. In June 2022, the defendant filed a Chapter 13 bankruptcy petition. A Chapter 13 Plan dated July 13, 2022, included an acknowledgment by the defendant of the mortgage debt. However, the Chapter 13 Plan was not effectuated, and the bankruptcy proceeding was dismissed in December 2022.
The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and, in effect, for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff opposed the motion. By order dated June 6, 2023, the Supreme Court granted the defendant's motion.
Thereafter, the plaintiff moved for leave to renew its opposition to the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and, in effect, for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff's renewal motion was based upon purported new facts concerning the defendant's acknowledgment of the mortgage debt in the Chapter 13 Plan, which, according to the plaintiff, restarted the limitations period on July 13, 2022, pursuant to General Obligations Law § 17-105(1). The defendant opposed the motion. By order dated October 30, 2023, the Supreme Court, among other things, denied the plaintiff's motion for leave to renew. The plaintiff appeals from the order dated June 6, 2023, and the order dated October 30, 2023.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Connor, 204 AD3d at 863).
"On a motion to dismiss a complaint pursuant to CPLR 3211(a)(5) on the ground that the statute of limitations has expired, the moving defendant must establish, prima facie, that the time in which to commence the action has expired" (U.S. Bank N.A. v Derissaint, 193 AD3d 790, 791). Where a defendant satisfies the initial burden of proof on a motion pursuant to CPLR 3211(a)(5), "'the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period'" (Buss v Stryker Corp., 226 AD3d 959, 960, quoting Barry v Cadman Towers, Inc., 136 AD3d 951, 952).
Contrary to the plaintiff's contention, the defendant demonstrated, prima facie, that this action was time-barred by showing that more than six years had elapsed since the debt was accelerated by the commencement of the 2009 action (see Green Tree Servicing, LLC v Weiss, 222 AD3d 626, 628). In opposition, the plaintiff failed to raise a question of fact (see U.S. Bank N.A. v Derissaint, 193 AD3d at 792). Accordingly, the Supreme Court correctly granted the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and, in effect, for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
"A motion for leave to renew . . . shall be based upon new facts not offered on the prior motion that would change the prior determination" (CPLR 2221[e][2]) and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][3]). "Although the requirement that a motion for renewal must be based on new facts is a flexible one, a motion to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Mooklal v Clermont Farm Corp., 187 AD3d 740, 741 [internal quotation marks omitted]; see Matter of Polak v MTA Long Is. R.R., 230 AD3d 500, 503). Moreover, the Supreme Court has the discretion to grant renewal upon facts known to the movant at the time of the original motion, "provided that the movant offers a reasonable justification for the failure to submit the additional facts on the original motion" (Castor v Cuevas, 137 AD3d 734, 734 [internal quotation marks omitted]). "What constitutes a reasonable justification . . . is within the discretion of the Supreme Court" (JPMorgan Chase Bank N.A. v EY Bay Ridge, LLC, 212 AD3d 794, 795). However, "[t]he Supreme Court has no discretion to grant renewal where the moving party omits a reasonable justification for the failure to present the new facts on the original motion" (Neeman v Smith, 227 AD3d 818, 820).
Here, the plaintiff did not offer a reasonable justification for failing to offer the purported new facts concerning the defendant's acknowledgment of the mortgage debt in the Chapter 13 Plan in its opposition to the defendant's motion, inter alia, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred (see id.; Matter of Polak v MTA Long Is. R.R., 230 AD3d at 503). Moreover, consideration of the purported new facts would not have changed the Supreme Court's prior determination (see Citibank, N.A. v Horan, 230 AD3d 1216, 1218; Deutsche Bank Trust Co. Ams. v Morocho, 202 AD3d 1055, 1058; cf. U.S. Bank, N.A. v Parisi, 169 AD3d 1093).
Accordingly, the Supreme Court correctly denied the plaintiff's motion for leave to renew its opposition to the defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred and, in effect, for summary judgment on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
DILLON, J.P., MILLER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court